# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| vs. | § | Case No. 4:09cr23 |
| | § | (Judge Schneider) |
| TONY BLANCARTE, JR. (5) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter having been referred by the Honorable Michael H. Schneider, the Court held a hearing on March 5, 2010, and March 9, 2010, on Defendant's Motion to Withdraw Plea of Guilty (Dkt. #343). In his motion, Defendant seeks to withdraw his guilty plea, which was accepted by the District Judge,[1] signed on November 19, 2009 (Dkt. #307).

### BACKGROUND

On February 2, 2009, Defendant was charged by complaint with violations of 21 U.S.C. §§ 846 and 841(a)(1). On February 11, 2009, Defendant was indicted in a multi-count, multi-defendant indictment. On March 11, 2009, Defendant was charged in a Superseding Indictment. Count one charged Defendant with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Defendant was represented by Paul Snell, retained counsel.

On May 11, 2009, Defendant filed a motion to suppress. On May 20, 2009, the United States filed a response to the motion to suppress. On June 2, 2009, the Court set the motion to suppress for hearing for June 11, 2009. On June 9, 2009, the Court was notified that Defendant was going to hire new counsel and withdraw the motion to suppress. On June 10, 2009, an unopposed motion to substitute attorney for Defendant was filed. On June 11, 2009, the Court granted Defendant's

---

[1] At the time of the guilty plea, this case was assigned to Judge Marcia Crone. On February 3, 2010, this case was reassigned to Judge Schneider.

motion to substitute attorney replacing Paul Snell with Ron Wells. On August 5, 2009, Ron Wells filed a motion to withdraw the motion to suppress, which was granted on August 10, 2009.

On October 9, 2009, Defendant signed a plea agreement to count one of the superseding indictment charging him with conspiracy to possess with intent to distribute cocaine. Also on October 9, 2009, Defendant signed a factual statement in support of his plea of guilty. On October 13, 2009, the United States filed a notice of plea agreement.

On November 10, 2009, Defendant appeared before the undersigned for his change of plea hearing. Defendant pleaded guilty to count one of the superseding indictment charging a violation of 21 U.S.C. § 846. On November 10, 2009, Findings of Fact and Recommendation on Guilty Plea were entered. On November 19, 2009, United States District Judge Marcia Crone adopted the report finding Defendant guilty of count one of the superseding indictment.

On December 30, 2009, the initial Presentence Report ("PSR") was prepared. The initial PSR recommended a sentence of 127 months' imprisonment.

On January 6, 2010, a docket entry was entered indicating that Defendant's pro se motion to withdraw plea and motion to suppress were returned to Defendant with letter that retained counsel was responsible for filing documents and that the Court will not accept pro se documents without Court approval. On January 12, 2010, Defendant filed a pro se motion for ineffective assistance of counsel and to withdraw plea of guilty. On January 15, 2010, the U.S. Clerk's Office issued a notice of deficiency regarding this motion.

On January 25, 2010, Defendant filed a pro se motion to appoint CJA counsel to replace retained counsel due to ineffective assistance of counsel. On February 2, 2010, the Court conducted a hearing on Defendant's pro se motion. On February 4, 2010, Ron Wells filed a motion to withdraw

as attorney for Defendant. On February 5, 2010, the Court granted Defendant's pro se motion to appoint counsel. The Court appointed John Hunter Smith as counsel for Defendant and allowed Ron Wells to withdraw.

On February 22, 2010, Defendant filed a motion to withdraw plea of guilty. On February 25, 2010, the motion to withdraw was referred to the undersigned. On March 3, 2010, the United States filed a response to the motion to withdraw. The Court conducted a hearing on the motion on March 5 and 9, 2010.

## ANALYSIS
### Standard of Review

According to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a district court may grant a motion to withdraw a guilty plea before sentencing if the defendant shows "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). There is no absolute right to withdraw a guilty plea, and the Defendant bears the burden of establishing a fair and just reason for withdrawing her plea. *United States v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007)(citation omitted); *United States v. Lampazianie*, 251 F.3d 519, 523-24 (5th Cir. 2001). In deciding whether to permit a defendant to withdraw a guilty plea, the Court is granted "broad discretion." *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)(citation omitted).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the Defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal of the motion were granted; (3) whether the Defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available;

(6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343-344. The Court is not required to make a finding as to each individual factor. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The *Carr* factors are considered for the totality of the circumstances and no single factor is dispositive. *Lampazianie*, 251 F.3d at 524; *Powell*, 354 F.3d at 370.

**Discussion**

Defendant's main argument in support of his claim that there is a fair and just reason to allow him to withdraw his guilty plea is that he did not knowingly or voluntarily enter a guilty plea or waive his rights under the Fifth and Sixth Amendments to the United States Constitution because he did not have close assistance of competent counsel and maintained his factual innocence as to count one to his counsel. Defendant bases this argument on the fact that prior counsel did not properly represent Defendant, failed to provide discovery to Defendant, and failed to assert innocence with regard to charges inside the Eastern District of Texas.

**Defendant's Assertion of Innocence**

Defendant asserts his legal innocence. Defendant argues that he asserted to his prior counsel that he was not guilty of the criminal conduct alleged in the superseding indictment as alleged in count one. Defendant asserts that he asked his prior counsel to file a motion to suppress pursuant to *Arizona v. Gant*, 129 S.Ct. 1710 (2009) and *New York v. Belton*, 453 U.S. 454 (1981).

In his plea colloquy with the Court on November 10, 2009, Defendant, under oath, agreed to the statement of facts and that he was pleading guilty to the facts that he conspired to knowingly and intentionally possess with the intent to distribute and dispense at least five kilograms but less than fifteen kilograms of cocaine. Defendant admitted that he agreed to sell two kilograms of

4

cocaine to a confidential informant. Defendant also admitted that the events described in the superseding indictment occurred in the Eastern District of Texas and elsewhere. Defendant also stated that he understood the range of punishment. Defendant also signed a plea agreement that contained his agreement to plead guilty to a violation of 21 U.S.C. § 846. After pleading guilty, Defendant was interviewed by a United States Probation Officer and did not assert his innocence. During the March 5, 2010 hearing, Defendant testified that the acts committed were not inside the Eastern District. However, Defendant admitted at his plea hearing that the events occurred inside and outside of the Eastern District.

Defendant also asserts that he has a suppression issue that he would like to raise. Defendant's counsel admits that the suppression issue is not before the Court at this time, but that the issue should have been resolved. Paul Snell, Defendant's earlier counsel, had filed a motion to suppress. After the motion to suppress was set for hearing, Defendant retained Ron Wells and Mr. Wells recommended to Defendant to withdraw the motion based upon Mr. Wells' view that the motion was meritless.

An unconditional guilty plea waives all non-jurisdictional defects in the trial court proceedings. *United States. v. Coil*, 442 F.3d 912, 914 (5th Cir. 2006)(citing *United States v. Bell*, 966 F.2d 914, 915 (5th Cir.1992)). "Suppression issues must be raised prior to the entry of a plea." *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267, (1973)).

Defendant does not deny that he distributed cocaine, but rather asserts that it did not occur in the Eastern District or that the evidence should be suppressed.

**Delay in Filing Withdrawal Motion**

In *Carr*, the Fifth Circuit found a delay of twenty-two days before filing a motion for withdrawal of a guilty plea to weigh against allowing the defendant to withdraw his plea. *Carr*, 740 F.2d at 345. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.*

On November 10, 2009, Defendant pleaded guilty. The first communication from Defendant that he would like to withdraw his guilty plea was on January 6, 2010. Defendant waited almost two months from the time he entered his guilty plea to file his pro se motion for withdrawal. After this pro se motion was deemed deficient by the Clerk's Office, Defendant's new counsel filed a motion to withdraw guilty plea on February 22, 2010. It appears that Defendant also waited until after the initial PSR had been prepared before notifying the Court that he wanted to withdraw his guilty plea.

Even accepting the date that Defendant attempted to request withdrawal of his plea, the Court finds that Defendant was not prompt. Defendant's delay demonstrates a tactical decision and Defendant's belief that he made a bad decision in pleading guilty. Therefore, the Court finds that Defendant's delay strongly favors denying the motion.

**Assistance of Counsel**

In order for a Defendant's guilty plea to be valid, "the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that

6

pleas are voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000).

Defendant asserts that his prior counsel was ineffective in not asserting various constitutional violations prior to the entry of the guilty plea in this case. Defendant's attack can be broken down to a claim that counsel was ineffective in failing to adequately advise him or represent him.

In a recent case, the Fifth Circuit determined that close assistance of counsel under Rule 11(d)(2)(B) and "constitutionally ineffective assistance of counsel are distinct issues." *United States v. McKnight*, 570 F.3d 641, 646 (5th Cir. 2009). Ineffective assistance is a basis for invalidating a conviction under the Sixth Amendment and not relevant to the decision of whether Defendant was denied close assistance of counsel. *Id.*

The question of whether Defendant received the close assistance of counsel "requires a fact-intensive inquiry." *Id.* Defendant presented no credible evidence at the hearing on the motion for withdrawal of the guilty plea that related to the assistance of counsel. Defendant entered into a plea agreement with the Government. The plea agreement was signed by Defendant and his counsel. Paragraph twelve of the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the undersigned, that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel, Mr. Ron Wells, and he answered that he was.

Mr. Wells testified. The Court finds his testimony was very credible. In fact, after hearing from Mr. Wells, the Court is convinced that Defendant had close assistance of counsel. Mr. Wells fully understood the case and the issues facing Defendant. The Court cannot find fault with the

representation provided by Mr. Wells. Therefore, the Court finds that Defendant was not without assistance of adequate counsel in agreeing to plead guilty.

**Knowing and Voluntary Plea**

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992)(quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Defendant must have notice of the nature of the charges against him, he must understand the consequences of his plea, and he must understand the nature of the constitutional protections he is waiving. *Matthew*, 201 F.3d at 365. For a guilty plea to be voluntary, it must "not be the product of 'actual or threatened physical harm, or ... mental coercion overbearing the will of the defendant' or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel." *Id*. (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970)).

In this case, the Court informed the Defendant of the nature and consequences of his guilty plea. The Court informed Defendant of the rights he gave up when pleading guilty, the potential sentence he faced for pleading guilty, including imprisonment of ten years to life imprisonment, and the specific elements of the crime. Defendant stated that he understood the penalties he could receive, that he understood the elements of the offense, and that he understood his constitutional rights. He was advised about the sentencing guidelines and stated he understood that if he received a sentence longer than he was expecting, he would still be bound by his plea. The Court also reviewed the plea agreement and specifically asked the Defendant if he understood that other specific offense characteristics or guidelines adjustments could increase or decrease the appropriate sentencing range.

Defendant represented that his plea was freely and voluntarily made and that no one forced him, threatened him, or promised him anything other than what was contained in the plea agreement. Counsel indicated that Defendant was competent and able to cooperate with him and that he understood the plea agreement. The Court went over, in detail, the statement of facts in support of the plea agreement. Defendant acknowledged that the facts were true and correct and that he was pleading guilty to the facts as recited by the Court. After acknowledging the facts supporting his plea, Defendant entered a plea of guilty to count one of the superseding indictment. Having been advised as to the details and consequences of his plea, having repeatedly stated that he understood the proceedings, and having repeatedly acknowledged his guilt, Defendant's assertion that his plea was anything other than knowing and voluntary is contradicted by the record. *See United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002)(reviewing courts give great weight to the defendant's statement at the plea colloquy).

Defendant also asserts that he did not enter a knowing voluntary guilty plea or waiver of his rights under the Fifth and Sixth Amendments to the United States Constitution. Defendant argues that his rights were violated and that no motion to suppress was filed. By pleading guilty, Defendant waived any claim to an alleged illegal search or seizure.

Defendant testified that he felt trapped into pleading guilty and felt scared. Defendant thought that his attorney would fix it later. The Court finds that Defendant's testimony at the motion to withdraw hearing was not credible. Defendant could not adequately explain why he pleaded guilty to an offense that would result in a sentence of at least ten years to life based upon an unfounded belief that his counsel would fix it. Mr. Wells' testimony directly contradicts the argument that Defendant is now asserting. The Court finds that Defendant's plea was knowing and voluntary.

**Remaining Factors**

The remaining factors for the Court to consider are as follows: (1) whether withdrawal would cause the Government to suffer prejudice if the motion were granted; (2) whether withdrawal would substantially inconvenience the Court; and (3) whether withdrawal would waste judicial resources.

The Government asserts that if the plea were withdrawn, additional work would be required because, after the guilty plea, resources were shifted to other matters. Considering the nature of this case, the Court finds that there would be prejudice to the Government if the plea were withdrawn.

After considering the evidence presented, the arguments of counsel, and reviewing the record, the Court finds that most of the *Carr* factors do not weigh in Defendant's favor. Defendant presented no evidence that convinces the Court that Defendant should be allowed to withdraw his plea of guilty. Given the totality of the circumstances, the Court finds that Defendant has failed to demonstrate a fair and just reason to withdraw his plea of guilty.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Withdraw Plea of Guilty (Dkt. #343) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 26th day of March, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE